# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JASON STANFORD, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 05-1021-CV-W-GAF |
| STATE OF TENNESSEE, et al., | ) |
| Respondents. | ) |

## ORDER

Petitioner Jason Stanford was convicted of one count of burglary in the first degree; one count of forgery, and two counts of misdemeanor assault in the third degree in the Circuit Court of Jackson County and was sentenced to five years on the burglary count, fined five thousand dollars on the forgery count, and fined three hundred dollars on each misdemeanor count and sentenced to fifteen days in the county jail on one of the misdemeanor assault counts. Stanford is currently on parole status on the burglary sentence.

Stanford is not in custody other than with respect to his burglary conviction. The sole punishment for his forgery sentence was a fine. As the Eighth Circuit has held, fines alone do not create custody. *Russell v. City of Pierre*, 530 F.2d 791, 792 (8th Cir. 1976). This Court, therefore, lacks jurisdiction to review the forgery conviction and the misdemeanor assault count that resulted only in fines.

The named respondents in the case are the State of Tennessee and Charles Traughber, Chairman of the Tennessee Board of Probation and Parole. Stanford is serving the parole portions of his Missouri sentences under the supervision of the Tennessee authorities under an agreement by the

State of Missouri and the State of Tennessee. *See* Mo.Rev.Stat. § 217.810 (2000) (interstate compact for supervision of parolees and probationers). Mr. Traughber is, therefore, a proper party, albeit a nominal one, to this action. Rules Governing § 2254 Proceedings in the District Courts, Rule 2(a). The State of Missouri has a greater interest in upholding Stanford's convictions. Dana Thompson, chairman of the Missouri Board of Probation and Parole, is the Missouri official with control over Stanford, Mo.Rev.Stat. § 217.690.2 (2000), and is, therefore, added as a respondent in this case. Rules Governing § 2254 Proceedings in the District Courts, Rule 2(a).[1]

Stanford raises the following grounds for relief: (1) The post-conviction trial court erred in denying an evidentiary hearing on Stanford's claim that the State used perjured testimony at trial; (2) the post-conviction trial court erred in not issuing findings of fact and conclusions of law on Stanford's claim that the State used perjured testimony at trial; and (3) Detective Lynda Hacker of the Kansas City Police Department offered perjured testimony at trial.

Stanford's first and second claims challenge the due process that he received in his post-conviction proceeding: the state court's failure to issue proper findings of fact and conclusions of law and its failure to conduct an evidentiary hearing. "This Circuit has long recognized that . . . that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings." *Kenley v. Bowersox*, 228 F.3d 934, 938 (8th Cir. 2000); *see also Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981) (denial of a post-conviction relief evidentiary hearing not cognizable in federal habeas corpus); *Williams-Bey v. Trickey*, 894 F.2d 314,

---

[1] Upon review of the record and applicable authority herein, respondent's position is found to be controlling. Much of respondent's brief is adopted without quotation noted.

2

317 (8th Cir. 1990) (state court's failure to make proper findings of fact not cognizable in federal habeas corpus); *Smith v. Lockhart,* 882 F.2d 331, 334 (8th Cir. 1989) (same). Stanford's first and second claims challenge only the process that he received in the state courts. His first and second grounds for relief, therefore, are not cognizable in this federal habeas corpus action.

Stanford further contends that Detective Lynda Hacker of the Kansas City Police Department offered perjured testimony at trial. The Missouri Court of Appeals affirmed the denial of this claim because Stanford failed to properly plead each alleged occurrence of perjury as required under Missouri law.

Federal courts do not determine federal claims in habeas corpus petitions when "the decision of the state court rests upon a state law ground that is *independent* of the federal question and *adequate* to support the judgment. *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (emphasis in original), *quoting Coleman v. Thompson*, 501 U.S. 722, 729 (1991)." A defendant's violation of a "firmly established and regularly followed" state procedural rule is generally sufficient to meet the "adequacy" standard. *Lee*, 534 U.S. at 376, *quoting James v. Kentucky*, 466 U.S. 341, 348 (1984); *Coleman*, 501 U.S. at 729-30 (1991).

The Missouri Court of Appeals declined to review the merits of Stanford's claim because petitioner failed to comply with Missouri's pleading requirement. The Missouri rule in this case requiring fact pleading in post-conviction motions is both independent and adequate. The rule is independent because it does not address any federal question but merely states the procedure for bringing a certain claim in Missouri state courts. The rule is adequate because the Missouri courts have consistently and regularly followed the rule that fact pleading is required in post-conviction motions.

*Morrow v. State*, 21 S.W.3d 819, 824 (Mo. banc 2000); *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997); *State v. Harris*, 870 S.W.2d 798, 815 (Mo banc 1994). Stanford defaulted on this claim by failing to properly plead it in the Missouri post-conviction relief trial court.

Stanford's default does not act as a complete bar to review if he can show either cause for not presenting his claims in state court and prejudice resulting from constitutional error or, in the alternative, a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). He does not demonstrate either of these bases for relief. He does not allege any newly discovered evidence of innocence; all of the evidence he proffers was available at the time of trial. He also fails to show that any external cause was responsible for his failure to properly plead his claim in the Missouri courts. Federal review of this claim is barred.

WHEREFORE, for the reasons stated herein, petitioner's Petition for Writ of Habeas Corpus is denied.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: February 14, 2006